UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT PERRY<br>909 UNIVERSITY CITY BOULEVARD<br>SUITE 11253<br>BLACKSBURG, VA 24063,<br><br>    Plaintiff,<br><br>v.<br><br>BOARD OF GOVERNORS OF THE<br>FEDERAL RESERVE SYSTEM<br>20TH STREET AND CONSTITUTION<br>AVENUE N.W.<br>WASHINGTON, D.C. 20551;<br><br>OFFICE OF EMPLOYEE BENEFITS<br>OF THE FEDERAL RESERVE<br>20TH STREET AND CONSTITUTION<br>AVENUE N.W.<br>WASHINGTON, D.C. 20551;<br><br>COMMITTEE ON PLAN<br>ADMINISTRATION, AS PLAN<br>ADMINISTRATOR FOR THE LONG<br>TERM DISABILITY INCOME PLAN<br>FOR EMPLOYEES OF THE FEDERAL<br>RESERVE<br>20TH STREET AND CONSTITUTION<br>AVENUE N.W.<br>WASHINGTON, D.C. 20551; AND<br><br>MATRIX ABSENCE MANAGEMENT<br>CT CORPORATION<br>REGISTERED AGENT FOR SERVICE OF<br>PROCESS OF MATRIX ABSENCE<br>MANAGEMENT<br>2390 E. CAMELBACK ROAD<br>PHOENIX, AZ 85016,<br><br>    Defendants. | JURY DEMAND<br><br>CIVIL ACTION NO: |

1

## COMPLAINT

The Plaintiff, Robert Perry ("Perry" or "Plaintiff"), brings the following Complaint against the above Defendants:

## PARTIES

1. Plaintiff, Perry, is a resident of Blacksburg Virginia. At all relevant times to this Complaint, Plaintiff was an eligible employee, participant, and beneficiary of the plan of disability benefits at issue in this lawsuit.

2. Defendant Board of Governors of the Federal Reserve System ("Board"), was Plaintiff's employer, as provided in §§2.14 and 2.15 of the Long Term Disability Income Plan for Employees of the Federal Reserve (the "Plan"), at all relevant times. A copy of the Plan is attached to this Complaint as Exhibit A.

3. The Board sponsored, adopted, and participated in the Plan, and pursuant to § 8.5 of the Plan is jointly liable under the Plan, and is a proper party to this action pursuant to the Plan terms including but not limited to §8.6.

4. The Board is an agent of the United States government for purposes of Rule 4(i) of the Federal Rules of Civil Procedure and may be served accordingly.

5. The Committee on Plan Administration is the Plan Administrator of the Plan and has general authority and responsibility for Plan operations, including administration and legal compliance.

6. The Plan Administrator is a proper party to this action pursuant to the provisions of the Plan, including but not limited to §8.

7. The Plan Administrator is an agent of the United States government for purposes of Rule 4(i) of the Federal Rules of Civil Procedure and may be served accordingly.

8. The Office of Employee Benefits of the Federal Reserve ("OEB") is the organization established in order to implement on behalf of the Plan Administrator the administrative policies and procedures for the Plan.

9. The OEB is a proper party to this action pursuant to the provisions of the Plan, including but not limited to § 8.

10. The OEB is an agent of the United States government for purposes of Rule 4(i) of the Federal Rules of Civil Procedure and may be served accordingly.

11. Upon information and belief the Board, the Plan Administrator, and the OEB are each principally located in the District of Columbia.

12. Matrix Absence Management ("Matrix") is a Delaware corporation with its principal place of business in Arizona.

13. Matrix was appointed as the Medical Board and third-party administrator under the Plan, pursuant to § 8.3, sometime before June 23, 2013. Pursuant to this appointment, Matrix was delegated authority to make determinations of "Total Disability" for claims made for Plan benefits, including Plaintiff's claim.

14. Matrix may be served with process by serving its designated agent for service of process, CT Corporation, at 2390 E. Camelback Rd., Phoenix, Arizona 85016.

**JURISDICTION AND VENUE**

15. This is an action for damages for the improper termination and failure to pay continued benefits under a contract for long term disability benefits and other related benefits over which this court has jurisdiction.

16. Jurisdiction and venue are proper within the United States District Court for the District of Columbia pursuant to 12 U.S.C. § 632, which provides for original jurisdiction in this Court.

17. Jurisdiction is likewise appropriate pursuant to 28 U.S.C. § 1332(a), as there is complete diversity between the parties and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## FACTS

18. At all relevant times, Plaintiff was employed by the Board.

19. Pursuant to his employment with the Board, Mr. Perry was covered under the Plan for long term disability benefits.

20. Plaintiff, while covered under the Plan, became disabled due to his diagnosed condition of bi-polar disorder.

21. On or about September 11, 2009, Plaintiff's medical condition caused him to be completely unable to perform the essential duties of his occupation.

22. Since September 2009, Plaintiff has been completely unable to perform the essential duties of any occupation.

23. Plaintiff timely applied for long term disability benefits under the Plan, which application was reviewed by Aetna, which was at that time the entity appointed by the Plan Administrator as the Medical Board and Third-Party Administrator.

24. While his application was pending, Plaintiff was approved for disability benefits by the Social Security Administration.

25. On April 14, 2010, Aetna approved his claim for long term disability benefits, finding him disabled as of September 11, 2009 and eligible for benefits effective March 11, 2010.

26. Plaintiff's eligibility for disability benefits under the Plan also entitled him to remain as an employee of the Board, which provided significant ancillary benefits, including health insurance benefits and accruing retirement benefits.

27. After Plaintiff had been disabled for 18 months, on March 11, 2011, at which time the definition of disability under the Plan changed to "any occupation," Aetna denied Plaintiff benefits, stating that he could perform other occupations.

28. Plaintiff timely appealed this decision. Thereafter, Aetna reversed its decision to terminate benefits and reinstated disability benefit payments to Plaintiff under the "any occupation" definition of disability in the Plan.

29. On or about September 2012, Aetna notified Mr. Perry that they were required to recertify Plaintiff's continuing eligibility for benefits and, upon information and belief, Aetna performed an investigation at that time that ultimately resulted in a recertification of Plaintiff's disability and a continuation of Plaintiff's disability benefits.

30. At some time between September 2012 and June 2013, Matrix was appointed as Medical Board and third-party administrator in Aetna's stead.

31. On June 23, 2014, Matrix terminated Plaintiff's benefits, stating that Plaintiff no longer met the Plan's definition of disability.

32. On August 1, 2014, the Social Security Administration reviewed Plaintiff's continued eligibility for Social Security disability benefits and determined that Plaintiff's claim

to be disabled from any occupation continued to be supported and he remained eligible for continued benefits.

33. On September 16, 2014, Plaintiff timely appealed Matrix's termination of his benefits and provided additional medical evidence in support of his claim, including the sworn statement of his treating psychologist.

34. On December 18, 2014 Matrix issued a final denial, noting that Plaintiff had exhausted all recourses under the Plan.

35. The Plan is a "governmental plan" as that term is defined by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA"). As such, it is not governed by ERISA.

36. The Plan provides that it shall be "construed, regulated and administered under the laws of the United States or the State of New York, as applicable, without regard to New York's principles regarding conflicts of law." See Plan, at § 14.12.

## CAUSE OF ACTION FOR BREACH OF CONTRACT AGAINST ALL DEFENDANTS

PLAINTIFF incorporates the allegations contained in the prior paragraphs as if fully stated herein and says further that:

37. Plaintiff has complied with all Plan provisions and conditions precedent to qualify for benefits prior to filing suit.

38. Plaintiff has suffered and continues to suffer from a disability as defined in the Plan.

39. Defendants, under the terms of the Plan, are indebted to Plaintiff for the disability benefits due under the terms of the Plan.

40. Defendants have failed and refused to honor their obligations under the Plan for the benefit of Plaintiff.

41. Defendants have breached, and continue to breach, their contractual duties under the Plan by failing and refusing to pay the full requisite of benefits owed the Plaintiff and by failing to perform their duties as set out in the Plan.

42. As a direct and proximate result of Defendants' actions in handling this claim, Plaintiff has suffered, and continues to suffer, monetary loss and damages, including disability benefits under the Policy, and the termination of his ancillary health insurance and retirement benefits, among others.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant Plaintiff the following relief in this case:

1. That the Court enter judgment in favor of Plaintiff and against Defendants on his cause of action for breach of contract and that the Court order the Defendants to pay disability income benefits to Plaintiff in an amount equal to the contractual amount of benefits to which he is entitled for the time period that he has been disabled.

2. That the Court orders the Defendants to pay Plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment.

3. That the Court should order the Defendant to resume payment of future disability benefits, that the Court orders Defendant to reinstate Plaintiff as an employee retroactive to the date he was denied benefits, and that the Court orders Defendants to retroactively resume and continue paying Plaintiff all other benefits Plaintiff is eligible to by virtue of his employment with the Board.

4. That, should the Court order future benefits be paid on a periodic basis under the policy, the Court order the Defendants to pay benefits under the claim so long as the Plaintiff remains disabled and that the Court order the Defendants to refrain from continuing to engage in unlawful conduct in the handling of this claim.

5. That the Court order Defendants to pay Plaintiff's attorneys fees and costs.

6. Plaintiff demands a trial by jury in this matter.

Dated this 5th day of August, 2016.

Respectfully submitted,

BY: _____
Hudson T. Ellis (# TN0008)
414 McCallie Avenue
Chattanooga, TN 37402
(423) 634-2506
FAX: (423) 634-2505
ellish@buchanandisability.com